**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50310
Summary Calendar
_____


FRANCES ESPINO GONZALES,

Plaintiff-Appellant,

VERSUS

EXXON CORPORATION, ET AL.,

Defendants,

EXXON CORPORATION,
CONNECTICUT GENERAL LIFE INSURANCE CO.,
Successors in Interest of the Equitable
Life Insurance Company of the United States;
BENEFIT PLAN OF EXXON CORPORATION AND
PARTICIPATING AFFILIATES,

Defendants-Appellees.



_____

Appeal from the United States District Court
for the Western District of Texas
(M0-95-CV-174)
_____
December 18, 1996


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Frances Gonzales appeals a summary judgment regarding her claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").  Finding no error, we affirm.

I.

Appellant's claims arise out of the death of her husband, Yldefonso Gonzales, Jr.,[1] who was struck by a truck and killed while riding his bicycle on a public highway during his lunch hour. At the time, Gonzales worked as an engineering technician for Exxon Corporation ("Exxon") and participated in the Benefit Plan of Exxon Corporation and Participating Affiliates (the "Plan").  Among other things, the Plan provides an ERISA-governed employee benefits package known as the Family Income Protection Program (the "FIP Program").

The FIP Program includes both basic family life insurance and an additional Accidental Death Benefit Plan (the "ADB Plan"). Under the ADB Plan, "surviving preference relatives" of Exxon employees are eligible for benefits when an employee dies from an accident sufficiently connected with Exxon work that it "warrants workmen's compensation."  Gonzales participated in Exxon's "wellness program," under which Exxon employees were encouraged to eat a healthy diet, reduce stress, and stay physically fit.

---

[1]  For purposes of clarity, we refer throughout this opinion to Mrs. Gonzales as "appellant" and Mr. Gonzales as "Gonzales."

Shortly after her husband's death, appellant submitted a claim for various benefits arising therefrom but did not claim either workers' compensation benefits or benefits under the ADB Plan. Appellant filed a claim for ADB Plan benefits on the theory that because Gonzales was riding his bicycle during his lunch hour, he was participating in the wellness program at the time of his death; because he was participating in the wellness program, his death was connected with his work; and because his death was work-connected, benefits under the ADB Plan were due. In a letter, Exxon denied these benefits, stating:

> The lunch period is the employee's time to do whatever he choosesSSwhether that be exercise of one form or another or partaking of a meal. While Exxon does encourage its employees to engage in healthy behaviors, the company did not sponsor or require your husband's chosen activity during his lunch hour. As a result, his is not a work-connected death . . . .

Appellant appealed the denial of this claim to Kathleen Hannaman, Exxon's Assistant Administrator for benefits. She affirmed the denial in a letter informing appellant that because she could not receive workers' compensation benefits for her husband's death, she was ineligible for ADB Plan benefits as well.

Appellant filed suit in state court, claiming unlawful denial of benefits. The matter was removed to federal court under 28 U.S.C. § 1441. At the close of discovery, both sides moved for summary judgment. The district court granted summary judgment to Exxon and the Plan, denied appellant's motion for summary judgment, and dismissed an additional motion by Connecticut General Life

Insurance Company ("Connecticut General") as moot.

## II.

### A.

We review a grant of summary judgment *de novo*. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment has been made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When reviewing a grant of summary judgment, we view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor. *Brothers v. Kleven-hagen*, 28 F.3d 452, 455 (5th Cir.) (citing *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992)), *cert. denied*, 115 S. Ct. 639 (1994). If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue of material fact is

4

presented, and summary judgment is inappropriate.  *Id*.

## B.

The parties agree that the Plan grants the Plan Administrator discretionary authority to determine eligibility for benefits and to interpret the language of the ADB Plan.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  We first consider whether the administrator's interpretation of the ADB Plan was legally correct; if not, we determine whether the administrator abused his discretion.  *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 637 (5th Cir. 1992), *modified*, 979 F.2d 1013 (5th Cir. 1992); *see also Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1307 n.3 (5th Cir. 1994) (noting that the two-step analysis is optional).  When the plan administrator is also an employee of the organization denying benefits, we weigh the possible conflict of interest in our analysis.  *Duhon,* 15 F.3d at 1306.  It is not an abuse of discretion, however, for a plan administrator to exercise his judgment in choosing between two plausible interpretations of fact, so long as there is evidence supporting his choice.  *See Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir. 1994).

## C.

The Plan Administrator conducted a thorough investigation of the circumstances, finding that Gonzales voluntarily decided to use

5

his lunch hour for bicycling and that Exxon neither expressly nor impliedly required this activity.  That led to the conclusion that Gonzales's accident did not qualify for workers' compensation coverage, which in turn led to the denial of ADB Plan benefits.

Appellant's objection to this decision focuses on the finding that Gonzales's bicycling was not work-connected; in effect, she wishes to relitigate the Plan Administrator's factual determinations.  Because the ADB Plan uses eligibility for workers' compensation benefits to determine whether an accident is connected with Exxon work, appellant must prove that the Plan Administrator abused her discretion in finding that workers' compensation benefits would not have been awarded (had appellant filed for them).  This she cannot show, though she labors mightily to do so.

Much of appellant's argument is premised on her view that the Plan Administrator erred by evaluating workers' compensation eligibility under Texas law, when she should have been applying the law of New York.  The ADB Plan is silent on this issue, requiring only that the accidental death be one that "warrants workmen's compensation."

Since both Gonzales's employment and the accident took place in Texas, it is logical that this be determined under Texas law. Appellant argues, however, that the terms of the benefits package provide otherwise.  She points specifically to a section of the FIP Program's General Provisions providing that the FIP Program (which encompasses the ADB Plan) shall be governed "as to validity,

construction, interpretation and administration [] by the law of the State of New York."

Were we to view it in isolation, this provision might very well cause us to reach the result appellant seeks.  As is always the case, however, we must read it in conjunction with the other language governing the ADB Plan.  Exxon's "Disability Plan," a subset of the FIP Program that also encompasses the ADB Plan, provides:

> "Warrants worker's compensation" means
>
> - is compensable under the applicable worker's compensation law, or
>
> - if no worker's compensation law is applicable, would be compensable under the worker's compensation law that the *employer* designates, if that law were applicable.
>
> [Emphasis in original.]

With this additional language, it becomes evident that appellant's argument must fail.  Under her interpretation of the FIP Program, the general choice-of-law clause would cause the "applicable worker's compensation law" *always* to be New York law, and the provision that sometimes permits Exxon to choose the applicable law to be surplusage.  Gonzales worked in Texas, Exxon supervised him in Texas, and the accident occurred in Texas.  Hence, Texas's workers' compensation law applies.


D.

Appellant argues, in the alternative, that even if New York

7

law does not apply, her husband's accident entitles her to benefits under Texas law. Under TEX. LAB. CODE ANN. § 406.031(a)(2) (Vernon 1996), workers' compensation is available only for injuries that "arise[] out of and in the course and scope of employment." Moreover, under § 406.032(1)(D), an insurer is not liable for compensation of an employee's injury if it "arose out of voluntary participation in an off-duty recreational, social, or athletic activity that did not constitute part of the employee's work-related duties, unless the activity is a reasonable expectancy of or is expressly or impliedly required by the employment[.]"

The authorities appellant cites in support of her claim involve either injuries sustained during working hours, *see City of Austin v. Smith*, 579 S.W.2d 84 (Tex. Civ. App.§§Fort Worth 1979, no writ) (employee injured by flu shot he received during working hours at the strong urging of his supervisors), or implied compulsion to participate in the injurious activity, *see Clevenger v. Liberty Mutual Ins. Co.*, 396 S.W.2d 174 (Tex. Civ. App.§§Dallas 1965, writ ref'd n.r.e.) (employee hurt after being strongly urged to play baseball at company picnic that he was expected to attend), and are thus inapposite. The summary judgment evidence amply demonstrates both that Gonzales was free to do whatever he wished during his lunch hour and that recreational athletic activity was outside the course and scope of his employment. The Plan Administrator abused her discretion neither in interpreting the ADB Plan

8

nor in finding that Gonzales's surviving relatives would not be entitled to workers' compensation. Consequently, her refusal to award ADB Plan benefits also was not an abuse of discretion.

## III.

Our above conclusions render the parties' remaining arguments moot. Accordingly, the summary judgment is AFFIRMED.

9